ALICE PYLES v. GEORGE M. PYLES AND FARMERS AND MERCHANTS
BANK.

(Filed 2 April, 1924.)

**Judgments—Pleadings—Default of Answer—Banks and Banking—Deposits—Default and Inquiry—Appeal and Error—New Trial.**

> Where the liability of a bank, a codefendant, depends solely upon the
> amount of money the principal defendant had on deposit at the time of
> the issuance of the summons, a judgment against the bank by default of
> an answer should be by default and inquiry, and a judgment by default
> final, making the bank liable beyond the amount of the deposit, is reversible error.

APPEAL by defendant bank from *Devin, J.,* at October Term, 1923, of
ORANGE.

. Civil action. Summons was issued by the clerk of the Superior Court
of Orange County, 30 August, 1921, returnable 3 October, 1921, before
said clerk, and said summons was served by the sheriff of Orange
County 30 August, 1921, on Farmers and Merchants Bank by reading
the summons to and leaving a copy thereof and a copy of the complaint
with S. A. Johnson, cashier of said bank, and served on Geo. M. Pyles
1 September, 1921. A duly verified complaint was filed in the office
of the clerk of the Superior Court 30 August, 1921. On 17 September,
1921, the defendant Geo. M. Pyles filed a duly verified answer, denying
the principal allegations of the complaint. The defendant bank neither
demurred to the complaint nor filed answer thereto. Issues of fact
being raised by the pleadings filed, the clerk transferred the case to the
civil docket for trial at term time, and no judgment by default nor
judgment by default and inquiry was entered against the defendant
Farmers and Merchants Bank.

There having been no answer filed by the defendant the Farmers and
Merchants Bank, and no appearance by representative or attorney at
the time case was called, nor until after completion of plaintiff's direct
testimony, there was no evidence offered by plaintiff on the trial to
show what amount of money the defendant Geo. M. Pyles had in the
Farmers and Merchants Bank in his name, or in the name of any other
person, on 30 August, 1921, and no evidence as to what amount, if any,
he had on deposit in said bank at the time of the trial.

Just before the close of the evidence of the defendant Geo. M. Pyles,
the defendant the Farmers and Merchants Bank asked the court to be
permitted to introduce evidence by its cashier, S. A. Johnson, to show
the amount of money on deposit in said bank in the name of Geo. M.
Pyles on 30 August, 1921. Objection being made by plaintiff, the
court below refused to permit the witness to testify upon the ground

that same came too late, there having been no answer filed, and intimated that plaintiff was entitled to judgment against the defendant the Farmers and Merchants Bank. The evidence of the witness Johnson would have been to the effect that there was only $200 on deposit in said bank in the name of Geo. M. Pyles on 30 August, 1921. To the rejection of this evidence by the court the defendant the Farmers and Merchants Bank, in apt time, excepted and now assigns the same as error.

Upon the trial the court below submitted one issue to the jury, as follows:

"1. Is the defendant, Geo. M. Pyles, indebted to the plaintiff for money had and received, as alleged in the complaint, and if so, in what amount?" The jury answered this issue "$520."

After the jury had returned a verdict as above set forth, the defendant Farmers and Merchants Bank requested the court to enter judgment by default and inquiry as to it. The court below declined to do so, and the defendant Farmers and Merchants Bank, in apt time, excepted and assigned the same as error.

The court then signed the judgment set out in the record, to which the defendant Farmers and Merchants Bank excepted, assigned the same as error, and appealed to this Court.

*A. H. Graham for plaintiff.*
*Gattis & Gattis for defendant.*

PER CURIAM. From a careful inspection of the allegations of the complaint we think that a judgment by default and inquiry should have been rendered against the Farmers and Merchants Bank rather than a judgment by default final.

On the hearing in the court below, evidence should be confined to what funds the defendant Geo. M. Pyles had in his name belonging to the plaintiff in the Farmers and Merchants Bank on 30 August, 1921, the time the summons and complaint were served on S. A. Johnson, cashier of the Farmers and Merchants Bank. There are no allegations as to liability of the bank except for moneys deposited therein by defendant Geo. M. Pyles.

Error.